IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:20-cv-00907-EGS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD J. CHANDLER, | ) | |
| Obertillstrasse 11 | ) | |
| Adliswil CH-8134, Switzerland, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT RICHARD J. CHANDLER**

Plaintiff, the United States of America, submits the following memorandum in support of its Motion for Alternative Service of Process on Defendant Richard J. Chandler. Because other methods of service have failed, and because Federal Rule of Civil Procedure 4(f)(3) permits service by other means, service of Chandler by publication is proper and necessary in this case.

I. **The United States of America has Exhausted its Efforts to Serve Richard J. Chandler.**

Upon information and belief, Richard Chandler lives in Adliswil, Switzerland. Declaration of Emily K. Miller (Miller Decl.), ¶ 5. In September 2020, the undersigned attempted to serve process on Richard Chandler through the Hague Convention. Doc. No. 10; Doc. No. 11. On Thursday, October 29, 2020, the undersigned received a letter from the Obergericht des Kantons Zurich, informing the undersigned that they are unable to process the request for service. According to the letter, Switzerland does not consider a tax matter to be a

"Civil or Commercial Matter" for purposes of service pursuant to the Hague Convention. Doc.

No. 12-1.

Thus, on December 15, 2020, the undersigned moved the Court for issuance of letters

rogatory pursuant to Federal Rule of Civil Procedure 4(f)(2) in order to attempt service of

process by diplomatic channels. Doc. No. 15. On April 27, 2022, the undersigned submitted the

certified and apostilled letters rogatory to the Department of State for transmittal to Swiss

authorities. Doc. No. 36, ¶ 43. On August 18, 2022, the undersigned received correspondence

from the Federal Office of Justice, Swiss Confederation, indicating that Switzerland had declined

to serve process of the complaint. Doc. No. 36, ¶ 45; Doc. No. 36-1.

The undersigned has consulted with a law firm in Switzerland concerning service of

process laws in that country. The undersigned has been advised that service by certified mail,

service by publication in Switzerland, and requests for waiver of service is not available in this

circumstance because of Swiss laws on the issue. Miller Decl., ¶ 11. Therefore, due to the above-

mentioned efforts to serve Chandler, and the unavailability of other methods of service,

alternative service of process is needed in this case.

## II.    Service of Process May be Effectuated by Publication in the United States.

Rule 4(f) governs service of process upon individuals in foreign countries and provides

three avenues for service of process:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Service "by other means not prohibited by international agreement" can include service by publication. *Aboulgaed v. Hifter*, 2020 WL12765270, at *1 (D.D.C. April 28, 2020) (citing *Mwani v. bin Laden*, 417 F.3d 1, 8 (D.C. Cir. 2005)). Service by publication must be reasonably calculated to apprise the defendant of the lawsuit and afford him an opportunity to respond. *Mwani*, 417 F.3d at 8.

**III.    Service of Process via Publication on Richard J. Chandler is Proper and Necessary.**

Here, service of process by publication is proper and necessary. First, the United States abided by Rule 4(f)(1) and attempted service as authorized by the Hague Service Convention. Miller Decl., ¶¶ 5–7. However, the Swiss authorities refused to serve Chandler. *Id.*, ¶ 7. The United States then attempted to serve Chandler through diplomatic channels. *Id.*, ¶¶ 8–10. Swiss authorities again refused to serve Chandler. *Id.*, ¶ 10. Due to laws of service in Switzerland, the United States does not have other options for service of Chandler. *Id.*, ¶ 11.

Service by publication in the United States is therefore proper under Rule 4(f)(3). Additionally, this notice by publication is reasonably calculate under the circumstances to apprise Richard Chandler of the pending action. The United States will use the Washington Post, a newspaper accessible world-wide which is read by the general population, including those both living in the United States and living abroad. The United States will arrange to have the notice

3

published once a week for three consecutive months to ensure that due process is provided to

Chandler.

## IV.     <u>Conclusion</u>

In consideration of the foregoing, the United States respectfully requests that the Court

grant this motion and permit the United States to serve Richard J. Chandler through publication

in the Washington Post once a week for three consecutive months, as permitted by Rule 4(f)(3).

Dated: January 28, 2023                                  DAVID A. HUBBERT
                                                        Deputy Assistant Attorney General


                                                        */s/ Emily K. Miller*
                                                        EMILY K. MILLER
                                                        Trial Attorney, Tax Division
                                                        U.S. Department of Justice
                                                        P.O. Box 227
                                                        Washington, D.C.  20044
                                                        202-353-7509 (v)
                                                        202-514-6866 (f)
                                                        Emily.K.Miller@usdoj.gov
                                                        *Counsel for the United States*

## **CERTIFICATE OF SERVICE**

I certified that on this the 28th day of January 2023, I filed the foregoing document with

the Clerk of Court using the CM/ECF system, which will send notice of this filing to all parties

registered to receive such notice.


*/s/ Emily K. Miller*
EMILY K. MILLER
Trial Attorney, Tax Division